IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NORTHWEST CARPENTERS HEALTH AND SECURITY TRUST; NORTHWEST CARPENTERS RETIREMENT TRUST; and NORTHWEST CARPENTERS VACATION TRUST, | Case No. 6:23-cv-00835-MC<br><br>AMENDED OPINION AND ORDER |
| Plaintiff, | |
| v. | |
| D&B INTERIORS LLC, an Oregon limited liability company, | |
| Defendants, | |

MCSHANE, Judge:

Plaintiffs Northwest Carpenters Health and Security Trust, Northwest Carpenters Retirement Trust, Northwest Carpenters Individual Account Pension Trust, Northwest Carpenters Vacation Trust, and Carpenters-Employers Apprenticeship and Training Trust Fund of Washington-Idaho (collectively, "Plaintiffs") move for Default Judgment, attorney fees, and costs. *See* ECF No. 13. For the reasons that follow, Plaintiffs' motion, ECF No. 13, is GRANTED.

## **BACKGROUND**

Plaintiffs brought this action on June 8, 2023, and Defendant D&B Interiors LLC ("Defendant") received personal service on June 30, 2023. More than two months have now passed, and Defendant has not filed any responsive pleadings. As a result, any allegations in the

1 – AMENDED OPINION AND ORDER

Complaint that do not relate to the amount of damages are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). Plaintiffs are joint labor-management Trust Funds organized under the Labor Management Relations Act (LMRA), 29 U.S.C. §186(c). The Trusts provide healthcare, pension, defined contribution, vacation, and training benefits under the Employee Retirement Security Act (ERISA), 29 U.S.C. §1001, *et seq*. Defendants entered into a Compliance Agreement in 2016 with Plaintiffs, in which Defendants agreed to report and make monthly fringe benefit contributions to Plaintiffs.

Plaintiffs filed this action to enforce Defendant's failure to timely provide monthly remittance reports to the Plaintiffs and to collect the delinquent fringe benefit contributions that Defendants failed to pay.  Under the Compliance Agreement and ERISA,[1] Defendant must pay the delinquent contributions, interest on the delinquent contributions, liquidated damages, and attorney fees. Plaintiffs also seek post-judgment interest.

## STANDARDS

A defendant must file a responsive pleading within 21 days of being served, or within 60 days if the defendant has timely waived service. Fed. R. Civ. P. 12(a)(1). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

After entering an order of default, the district court has discretion to issue a default judgment. *See* Fed. R. Civ. P. 55(b); *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007), *cert. denied*, 555 U.S. 937 (2008). In exercising its discretion, the court may consider:

---

[1] Employee Retirement Income Security Act, 29 U.S.C. § 1145.

2 – AMENDED OPINION AND ORDER

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

The court has "considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (per curiam) (footnote omitted). The court may take the complaint's well-pleaded factual allegations as true, other than the amount of damages. *Id.* at 917-18 (citation omitted); *DIRECTV*, 503 F.3d at 854 (citations omitted). On the other hand, a "'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DIRECTV*, 503 F.3d at 854 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## DISCUSSION

### I. Entry of Default

Defendant received personal service on June 30, 2023, and more than 60 days have passed without Defendant filing any responsive pleadings. Defendant has not filed any notice to appear or provided this court any reason why an entry of default is not appropriate in this case. Defendant has failed to plead or otherwise defend the current action, so the clerk must enter Defendant's default.

### II. Entry of Default Judgment

In considering an entry of default judgment, this Court examines the seven factors laid out in *Eitel*. To satisfy the first three factors, Plaintiffs must state a valid claim in a well-pleaded complaint, for which the refusal to grant a default judgment would be prejudicial to Plaintiffs.

3 – AMENDED OPINION AND ORDER

Plaintiffs have established that Defendant failed to make contributions in accordance with the Compliance Agreement that bound the company to a Master Labor Agreement. According to the Compliance Agreement, Defendant was Defendant was requirement to timely report and pay fringe benefit contributions to Plaintiffs, which it had failed to do at the time of filing. Fahey Decl. at 6-8. Accordingly, Plaintiffs state a valid ERISA claim. In terms of prejudice to Plaintiffs, if this Court does not enter a default judgment in Plaintiffs' favor, Plaintiffs have no other avenue to collect the delinquent contributions.

With regard to the fourth and fifth *Eitel* factors, the sum of money at stake in this action is appropriate to the amount of contributions the Compliance Agreement, and there is no material dispute concerning the terms of the Compliance Agreement. Finally, Defendant has not provided this Court any explanation that would constitute excusable neglect. Although the seventh factor favors decisions on the merits, Defendant's inaction in this matter has made a decision on the merits impossible. If the general policy in favor of a decision on the merits, standing alone, outweighed the previous six *Eitel* factors, then defendants could always refuse to defend an action and still avoid a default judgment. Therefore, the *Eitel* factors in this case support an entry of default judgment.

## III. Damages

Because the court accepts as true all allegations from the complaint except those relating to the amount of damages, Plaintiffs must prove the amount of damages they seek in this action. In an action to collect delinquent contributions under 29 U.S.C. § 1145, the ERISA statute requires that the court award:

    **(A)** the unpaid contributions,

    **(B)** interest on the unpaid contributions,

>> **(C)** an amount equal to the greater of--
>>
>>> **(i)** interest on the unpaid contributions, or
>>>
>>> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>>
>> **(D)** reasonable attorney's fees and costs[.]

29 U.S.C. § 1145(g)(2). Such an award is mandatory if: (1) the employer is delinquent at the time the action is filed; (2) the district court had entered a judgment against the employer; and (3) the plan must provide for such an award. *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996).

### A. Unpaid Contributions

Plaintiffs submitted a detailed chart of the unpaid fringe benefit contribution payments owed to the Trusts. *See* Fahey Decl. at 372; ECF No. 14. Plaintiff submitted declaration for Kealsye Fahey, the Employer Labor Services Manager for the Northwest Carpenters Trusts. The declaration includes unfunded remittance reports from the employer. Ms. Fahey calculated $125,616.98 in fringe benefit contributions for the months of June 2022, and March 2023 through October 2023. Fahey Decl. at 372. Plaintiffs is entitled to these unpaid contributions under 29 U.S.C. § 1145(g)(2)(A).

### B. Interest on Unpaid Contributions

Plaintiffs are entitled to interest on the unpaid contributions using the rate provided in the CBA. *See* 29 U.S.C. § 1145(g)(2)(B). The Compliance Agreement establishes a rate of 12 percent per year until paid. Compl. at 5; ECF No. 1. Based on the monthly interest charges, Plaintiffs are entitled to $12,961.35 in accrued prejudgment interest for the months of March 2022 through October 2023, pursuant to 29 U.S.C. §1132(g)(2)(B). Fahey Decl. at 372.

5 – AMENDED OPINION AND ORDER

### C. Liquidated Damages

Liquidated damages only apply "when (1) the fiduciary obtains a judgment in favor of the plan, (2) *unpaid* contributions exist at the time of suit, and (3) the plan provides for liquidated damages." *Idaho Plumbers & Pipefitters Health and Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir.1989) (emphasis in original). In this case, all the disputed funds remain unpaid, and the Compliance Agreement provides for liquidated damages. Compl. at 5. Therefore, ERISA provides that Plaintiffs are entitled to the greater of the interest on the unpaid contributions or liquidated damages in an amount not greater than 20 percent of the unpaid contributions. 29 U.S.C. § 1145(g)(2)(C). Plaintiff is entitled to $33,447.52 in liquidated damages for the period March 2022 through June 2022, September 2022, and February 2023 through October 2023. Fahey Decl. at 372.

### D. Attorney's Fees and Costs

Plaintiffs are entitled to attorney's fees and costs under the Compliance Agreement and ERISA 29 U.S.C. § 1132(g)(2)(D). Plaintiffs submitted an itemized fee statement with an hourly breakdown of the time spent on this case and the total costs and expenses. *See* Maxwell Decl. at 1-4. I find the nearly 40 hours to be reasonable in light of the attorney's efforts to identify and documents the amount in delinquency and to draft numerous motions. The rate of $310 per hour is reasonable in the Northwest market for attorneys of comparable skill and experience. The costs on the fee statement properly account for the filing fee and postage, so Plaintiffs are entitled to attorneys fees of $8,271.00. Plaintiffs are also entitled to costs of $437.00 relating to filing of this action.

**E. Post-Judgment Interest**

Plaintiffs seek post-judgment interest at the Oregon statutory rate of 12 percent. Federal law, however, governs the post-judgment interest rate. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998). Under 28 U.S.C. § 1961, post-judgment interest "shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." The previous week's auction price of 52-week treasury bills, as posted by the Federal Reserve, was 4.83 percent.[2]

## CONCLUSION

For the above reasons, Plaintiffs' motion for an Entry of Default, Default Judgment, and attorney fees and costs is GRANTED. Plaintiffs are entitled to:

a. $125,616.98 in unpaid contributions;

b. $12,961.35 in accrued prejudgment interest for the months of March 2022 through October 2023;

c. $33,447.52 in liquidated damages;

d. $8,708.00 in attorney's fees, court costs, and audit costs; and

e. Interest on item d. from the date judgment is entered until paid in full at the rate of 4.83 percent per annum.

IT IS SO ORDERED.

DATED this 17th day of April, 2024.

---

[2] FRB: H.15 RELEASE—SELECTED INTEREST RATES—MARCH 30, 2015, http://www.federalreserve.gov/releases/h15/current/ (last visited March 25, 2024)

7 – AMENDED OPINION AND ORDER

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

8 – AMENDED OPINION AND ORDER